# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| BOBBY FRANCIS LOWRY, | Cause No. CV 21-76-H-SEH |
| Petitioner, | |
| vs. | **ORDER** |
| CAPTAIN HILDENSTAB, | |
| Respondent. | |

Plaintiff Bobby Francis Lowry ("Lowry") filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus[1] and a Motion to Proceed in Forma Pauperis.[2]

## I.   Background

Lowry is currently serving a sentence imposed by Montana's Eighteenth Judicial District Court for Promotion of Prostitution and Partner or Family Member Assault.[3] Challenge of the conviction in this Court has been denied.[4] Lowry is currently detained for violation of parole.

---

[1] Doc. 1.
[2] Doc. 2.
[3] *See* Doc. 1 at 2–3; *see also*, MONTANA CORRECTIONAL OFFENDER NETWORK, https://app.mt.gov/conweb/Offender/3021648/ (last visited Oct. 19, 2021).
[4] *See, e.g.*, Or., Lowry v. Salmonsen, No. CV-18-106-H-BMM (D. Mont. Mar. 6, 2019), Doc. 8 (denying Lowry's petition).

## II. Motion to Proceed in Forma Pauperis

Lowry has failed to provide an account statement with the Motion to Proceed in Forma Pauperis.[5] The motion will nevertheless be granted.[6]

## III. Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus

Lowry alleges that in May 2021, a large lump was discovered in his neck, causing him pain and discomfort; that a scheduled sonogram was not conducted; that, on a separate occasion, he refused transport to the sonogram because there of a no-contact order;[7] and that the failure to transport him to the sonogram appointment and the failure to provide adequate pain control resulted in a denial of medical care and imposition of cruel and unusual punishment.[8]

Lowry's petition is barred as second or successive in nature.[9] Leave of the Ninth Circuit Court of Appeals to maintain his petition has not been sought or obtained.[10]

---

[5] Doc. 2.
[6] The Court takes judicial notice that Lowry has been granted in forma pauperis status in other matters. *See, e.g.,* Or., Lowry v. Salmonsen, No. CV-18-106-H-BMM-JTJ (D. Mont. Jan. 16, 2019), Doc. 3; *see also* Or., Lowry v. Guyer, No. CV-19-40-H-BMM-JTJ (D. Mont. June 16, 2019), Doc. 3.
[7] Doc. 1 at 4.
[8] Doc. 1 at 4–5.
[9] *See* 28 U.S.C. § 2244(b)(2).
[10] 28 U.S.C. § 2244(b)(3).

Lowry's claims are not grounded in habeas.[11] His petition makes clear that the only relief he seeks is timely transportation to the medical appointment in a manner that will not violate any court conditions.[12]

Lowry's allegation that he has been denied medical care challenges neither conviction nor sentence but relates to current conditions of confinement. To the extent he seeks to challenge conditions of confinement, such a challenge cannot be brought as habeas proceeding.[13]

### IV. Certificate of Appealability

Lowry has made no "substantial showing of the denial of a constitutional right."[14] Issues have not been presented that are adequate to deserve encouragement to proceed further.[15] No certificate of appealability is warranted.

---

[11] *See* 28 U.S.C. § 2254(a); *see also Skinner v. Switzer*, 562 U.S. 521, 535 n. 13 (2001).
[12] *See* Doc. 1 at 7.
[13] *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."); *see also Nettles v. Grounds*, 830 F. 3d 922, 931 (9th Cir. 2016) (en banc) (quoting *Preiser*, 411 U.S. at 487) ("[W]e hold that if a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in a habeas corpus but must be brought, 'if at all,' under § 1983.).
[14] 28 U.S.C. § 2253(c)(2).
[15] *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

**ORDERED:**

1. Lowry's Motion to Proceed in Forma Pauperis[16] is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Lowry's Petition[17] is DISMISSED for lack of jurisdiction.

3. The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner.

4. A Certificate of Appealability is DENIED.

DATED this 22nd day of October, 2021.

*Sam E. Haddon*
Sam E. Haddon
United States District Judge

---

[16] Doc. 2.
[17] Doc. 1.